# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-20099-19 |
| JAIME RICARDO DOMINGUEZ-CALDERON ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is presently before the Court on Mr. Dominguez-Calderon's "Motion For Return of $5,468.32" (doc. 223). The motion is **granted**.

## I. Background

On July 29, 2009, Mr. Dominguez-Calderon pled guilty to a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), (b)(1)(A)(ii), and 846, that is, possession with an intent to distribute 1000 kilograms or more of a mixture containing marijuana and 5 kilograms or more of a mixture containing cocaine, as part of a conspiracy. Special Agents with the Drug Enforcement Agency, as part of their investigation, seized $10,936.64 from the defendant's bank account. On September 9, 2008, Mr. Dominguez-Calderon filed a motion for return of the seized funds (doc. 98, 07-20100). On November 17, 2008, Magistrate Judge Waxse ordered the government to

return $5,468.32 of the seized funds (doc. 116, 07-20100). Judge Waxse also ordered the United States Marshall Service to turn over the remaining $5,468.32 to the Clerk of the United States District Court to be held "during the pendency of the case or until otherwise ordered by the Court." (doc. 116, 07-20100).

On December 7, 2009, Mr. Dominguez-Calderon was sentenced to 135 months imprisonment, and a money judgment of $13,071,705 was imposed. On January 29, 2010, Mr. Dominguez-Calderon filed this current motion for return of $5,468.32, the remaining seized funds currently in the possession of the clerk's office of the United States District Court.

## II.    Discussion

A motion for return of property, which permits a person who has had property seized to move the court for its return, is governed by Rule 41(g) of the Federal Rules of Criminal Procedure. Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by
> the deprivation of property may move for the property's return. The
> motion must be filed in the district where the property was seized. The
> court must receive evidence on any factual issue necessary to decide
> the motion. If it grants the motion, the court must return the property to
> the movant, but may impose reasonable conditions to protect access to
> the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). Though the criminal proceedings have terminated, a district court has jurisdiction to treat a Rule 41(g) motion as a civil proceeding for equitable relief. *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996); *see United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) (invoking Rule 41(g) after criminal

2

proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence and the property has not been forfeited in the course of those proceedings).

A Rule 41(g) motion will be regarded as an equitable civil proceeding. *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001). When a claimant seeks return of property after criminal proceedings have terminated, the burden lies with the government to show that it is entitled to the property. *Id.* (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). Put differently, after the termination of criminal proceedings,

> the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property. The government may meet this burden by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant.

*Id.* (quoting *Chambers*, 192 F.3d at 377 (citations and quotations omitted)).

On the other hand, the claimant "must prove only a right to lawful possession of the property and an equitable right to its return." *Id.* An equitable right to the property's return requires that the owner of the property has clean hands. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). For example, it would be inequitable to return to a criminal the fruits of his crimes. *Clymore*, 245 F.3d at 1200; *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006).

Here, it is uncontroverted that the money belongs to Mr. Dominguez-Calderon. In addition, the government does not assert that the $5,468.32 seized funds

were proceeds of illegal drug activity. (doc. 225). Instead, the government, citing no authority, asks the Court to apply the money to one or more of the defendant's financial obligations related to this case: (1) partial reimbursement of the CJA fund; (2) payment of the $100 special assessment; and (3) partial satisfaction of the $13,071,705 money judgment. (doc. 225).

### A. Partial Reimbursement of the CJA Fund

The Criminal Justice Act ("CJA") allows the court, at any time, to inquire as to the ability of the defendant to help fund his defense. 18 U.S.C. § 3006A(c). When the court finds that a defendant, who received counsel under CJA, has funds available to pay for that representation, the court can authorize payment to an appointed attorney or it can order reimbursement to the fund. 18 U.S.C. § 3006A(f)[1].

Section 3006A(f) "does not, by its terms, explain how it is to be applied."[2] *United States v. Bracewell*, 569 F.2d 1194, 1198 (2d Cir. 1978). Instead, as *Bracewell* noted, the sole criterion in § 3006A(f) for ordering a recoupment of funds is a finding of "availability." *Id.* "Before a finding of 'availability' can properly be

---

[1] 18 U.S.C. § 3006A(f) provides: "Whenever the United State magistrate or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may . . . direct that such funds be paid to the . . . legal aid agency . . . which provided the appointed attorney."

[2] The Second Circuit explained, "[d]espite the absence of legislative guidelines . . . we cannot believe that Congress intended to confer upon the Government carte blanche authority to appropriate to itself any and all funds within its grasp." *Bracewell*, 569 F.2d at 1198-99.

made, the district judge should be satisfied that, in ordering reimbursement in any specified amount, the defendant will not suffer extreme hardship as a consequence of being deprived of his funds." *Id.* In every case, the court should consider the needs of the defendant as well as the defendant's responsibilities to his family, if any. *Id.* at 1199.

Here, circumstances do not call for the court to apply the seized money to recoup the CJA fund. First, Mr. Dominguez-Calderon qualified for CJA appointment with due consideration of the seized funds. (07-20100, doc. 9). In addition, the money is not "available" under the terms of § 3006A(f) because the money is needed by the defendant and his family. *See Bracewell*, 569 F.2d at 1199. Mr. Dominguez-Calderon is serving an extensive prison sentence, and prior to incarceration, he provided for his wife, mother, and children. (07-20100, doc. 9).

Thus, Mr. Dominguez-Calderon's seized funds will not be applied to the CJA fund.

**B.      Payment of the $100 Special Assessment and/or Partial Satisfaction of the  $13,071,705.00 Money Judgment**

"It is well settled that the government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000); *see Chambers*, 192 F.3d at 376; *see also United States v. Premises Known as 608 Taylor Ave., Apartment*, 302, 584 F.2d

5

1297, 1302 (3d Cir. 1978); *United States v. Wilson*, 540 F.2d 1100, 1103 (D.C. Cir. 1976) (district court has both the jurisdiction and duty to return property against which no government claim lies).  When the government makes a claim to the property, it must "demonstrate that it has a legitimate reason to retain the property . . . by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant."  *Clymore*,  245 F.3d at 1201.

Here, the government offers no support for its claim that the seized funds should be applied to the defendant's $100 special assessment or $13,071,705 money judgment.  Although the judgment is a declaration that the government is entitled to relief, the government has not established that the judgment as imposed is self-executing.  Nor does the government assert that it has taken any action as provided by statute to collect on this judgment or otherwise have it enforced.  *See, e.g.*, 18 U.S.C. §§ 3611-15 (setting out procedures for the collection of unpaid fines as part of a criminal judgment).  Thus, the government has not met its burden in showing that it has any immediate right to the money.

Because (a) it is uncontroverted that the seized funds belong to Mr. Dominguez-Calderon, (b) the government does not assert that the seized funds are tied to illegal drug activity, and (c) the government has not demonstrated a right to this money at this particular time, the seized funds in the amount of $5,468.32 shall be returned to Mr. Dominguez-Calderon.

**IT IS ORDERED BY THE COURT** that defendant's motion for return of property (doc. 223) is **granted**. The Clerk of the Court shall remit the $5,468.32 to Mr. Dominguez-Calderon by April 16, 2010.

**IT IS SO ORDERED** this 5th day of April, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
